UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARYL G. ROSHELL (#418339)                         CIVIL ACTION NO.

VERSUS                                                           24-222-JWD-EWD

ALICE WASHINGTON, ET AL.

**ORDER**

Daryl G. Roshell ("Plaintiff"), who is representing himself and who is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, filed this suit on or about March 19, 2024 against Alice Washington, Unknown Roe, Unknown Harold, and Unknown Gilliot.[1] Plaintiff alleges that Washington was working on Plaintiff's unit when he requested "mental health," that Harold used chemical agents against Plaintiff, and that Gilliot physically attacked Plaintiff while he was in handcuffs.[2] Plaintiff is seeking monetary damages for these alleged civil rights violations.[3]

In order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily state a set of facts that explains each defendant's participation in the alleged wrong.[4] The Supreme Court has held that "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."[5] Plaintiff does not provide the details required to analyze his claims of excessive force. Instead of having his lawsuit dismissed at this time, Plaintiff

---

[1] R. Docs. 1 & 4. Documents in the court record are referred to as "R. Doc. __."
[2] R. Doc. 4, p. 4. Plaintiff also alleges Major Roe arrived after these incidents occurred, so it is unclear what Plaintiff is alleging against Roe.
[3] R. Doc. 4, p. 5.
[4] *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

will be given another chance to provide facts that he believes support his claims, if possible.[6] Accordingly,

**IT IS ORDERED** that, by no later than **December 30, 2024**, Plaintiff must file an amended complaint on the standardized § 1983 lawsuit form (same form used previously), stating specific facts to support his claims. In any amended complaint, Plaintiff must list each defendant individually and explain what Plaintiff believes each defendant did (or did not do) that violated his constitutional rights. Plaintiff is placed on notice that this lawsuit may be dismissed if he files another § 1983 lawsuit stating only the bare assertions originally provided without providing specifics as to how each defendant personally violated his constitutional rights. Plaintiff should review the attachments which ask him for additional information to support the kinds of claims he seem to be trying to make. Plaintiff should answer the questions in the attachments in any amended complaint.

**IT IS FURTHER ORDERED** that the Motion to Amend, which seeks to add defendants without explaining what any of these individuals did (or did not do) to violate Plaintiff's constitutional rights, is **DENIED**.[7] Any claims Plaintiff wants to bring against these individuals should be included in the amended complaint he has been ordered to be file.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Discovery and Appointment of Counsel[8] is **DENIED** at this time. Plaintiff has not made any showing as to the need for counsel

---

[6] *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994). *See also, e.g.*, *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

[7] R. Doc. 10. Plaintiff seeks to "add" Major R. Roe, Capt. Harold, and Lt. Billiot. It is not clear, but Plaintiff already named Roe and Harrold as defendants. R. Docs. 1 & 4. It is possible that Plaintiff's amendment is to correct one of the originally named defendants from "Gilliot" to "Billiot." In his amended complaint, Plaintiff should name all the individuals he is intending to sue and explain what each of them did or did not do that he believes violated his constitutional rights.

[8] R. Doc. 11.

and discovery is premature. After the time for Plaintiff to file his amended complaint, as ordered, the Court will screen Plaintiff's lawsuit as required under 28 U.S.C. § 1915A because Plaintiff has sued government officials. Service on any defendants, and discovery, will be ordered on any claims that remain after the screening process.

Signed in Baton Rouge, Louisiana, on December 9, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**EXCESSIVE FORCE**

You have attempted to state a claim for excessive force. Please provide the following information about that claim:

1. If you claim you were injured because of the use of force, please explain your injuries, including whether you received any medical treatment; if so, what the treatment was; and when treatment was received;

2. Explain what was happening when the force was used. For example, were you shackled? Where were you when the force was used? Did the officer(s) who used the force against you give you any order(s) before they used force? Did you comply with the order(s)? Were you saying anything to the officer(s) who used the force? If so, what did you say? Please give any other details explaining what was happening when the force was used;

3. Explain how long the force lasted, the extent of the force, the type of the force, if force was used after you complied with orders, and who used the force.

Explain the details noted above separately with respect to each person you allege used excessive force against you.

**FAILURE TO INTERVENE**

You have attempted to state a claim for failure to intervene. Please provide the following information about that claim:

1. What act did the officer(s) fail to intervene in? Explaining what was happening. For example, was an officer repeatedly punching you, while the other officer stood by?

2. Where was the officer you believe failed to intervene at the time? For example, how far away from you was that officer? How long did the event last, and was there any warning that the constitutional violation was about to happen? For example, did the officer who committed the excessive force or other violation give a warning that it was about to happen?

3. Did the officer you claim failed to intervene do anything to stop the conduct complained of? For example, did that officer give verbal orders or take any physical action to prevent the underlying constitutional violation?

Explain the details noted above separately with respect to each person you allege failed to intervene.

**DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED**

You have attempted to state a claim for deliberate indifference to a serious medical need. Please provide the following information about that claim:

1. What medical or mental problem did you complain about;

2. To whom did you complain;

3. How did prison officials respond to your complaints;

4. What treatment were you given, if any;

5. How long did you wait to receive treatment;

6. What happened to your medical or mental problem while you waited for treatment;

7. Did you suffer any permanent problems because prison officials delayed or refused to give you treatment? If so, please explain.

Explain the details noted above separately with respect to each person you allege treated you with deliberate indifference to your serious medical need(s).