UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARYL G. ROSHELL (#418339)                         CIVIL ACTION NO.

VERSUS                                                     24-222-JWD-EWD

ALICE WASHINGTON, ET AL.

**ORDER**

      This matter comes before the Court on two Motions: a Motion Requesting Settlement Conference and a Motion Seeking Permission to Allow the Herein to Proceed through the U.S. Postal Service, filed by Plaintiff Daryl G. Roshell ("Roshell"), who is representing himself and who is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana.[1] The Motion Requesting Settlement Conference will be denied because it is premature (too early). On December 9, 2024, Roshell was ordered by the Court to file an amended complaint to give more details about the facts of his case.[2] No defendants have been served, and, as the Court explained in its December 9, 2024 Order, after the time passes for Roshell to amend his lawsuit, the Court will screen the lawsuit, as required under 28 U.S.C. § 1915A. Service on any defendants, and discovery, will be ordered on any claims that remain after the screening process.[3] Once any defendants who are still in the case after screening have answered the lawsuit, Roshell can reach out to the defense lawyer about possible settlement.

      Roshell's second motion seems to ask that he be allowed to file documents in this case through the United States Postal Service, rather than through the electronic filing system.[4]  That

---

[1] R. Docs. 13 & 14. Documents in the court record are referred to as "R. Doc. __."
[2] R. Doc. 12.
[3] R. Doc. 13.
[4] R. Doc. 14.

motion will also be denied because the Court's Local Civil Rules require electronic filing by inmates. Local Civil Rule 5(d) states as follows:

> (d) **Filing by Unrepresented Prisoners, Subject to Electronic Filing, Regarding Civil Rights and Habeas Corpus Cases.**
>
> (1) Original Documents - Prisoners subject to electronic filing must place all documents in an envelope and place the envelope in a designated box for documents to be filed in Louisiana Federal District Courts only. No postage is required. All envelopes placed in the designated box shall be opened by authorized prison personnel in order to scan the documents. Once scanned, prison personnel shall return all original documents to the prisoner, unless otherwise directed by the Court. Any envelope placed in the designated box containing postage shall not be opened for purposes of scanning. Prison officials shall either return the envelope to the prisoner or mail it to the Court. Documents submitted by a prisoner to the Court for filing which have not been scanned and emailed by authorized prison personnel, may, at the direction of the Court, be returned to the prisoner.
>
> (2) Scanning - Authorized prison personnel will scan prisoner documents into a pre- programmed Document Capture Workstation which converts the document to PDF. Authorized prison personnel will affix the "scanned" stamp on the document, prior to scanning, which indicates the date the document was scanned, total number of pages scanned, and the initials of the person who scanned it. Once the document has been scanned, authorized prison personnel will verify the legibility of the image on the computer screen and email the document directly to the Court's dedicated email address.
>
> (3) Filing into Court's Electronic Case Management System - The Court will receive and review all documents received via email from the prison and electronically file submissions into the case management system. After review, if it is determined by the Court that a document does not constitute a proper filing in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Court, the document may be returned to the prisoner via the U. S. Postal Service, upon direction of the Court.

2

If Roshell puts an envelope in the box for documents that are to be filed in Louisiana federal courts with postage on it, which is what would be required if he wants to mail a document to the Court, the Local Rules allow prison officials to either mail that document or to return it to the inmate. In other words, filing by mail is not proper under the Court's Local Civil Rules and prison officials do not have to mail inmate filings to this Court. Instead, electronic filing is required from the Louisiana State Penitentiary, where Roshell is incarcerated, and has been used so far in this case. Even Roshell's Motion asking to mail his filings was noted as "Received" by the Legal Programs Department at LSP on December 16, 2024, and it was filed that same day.[5] Because the relief requested would violate the Court's Local Civil Rules, Roshell's Motion Seeking Permission to Allow the Herein to Proceed through the U.S. Postal Service will also be denied.[6]

**IT IS ORDERED** that the Motion Requesting a Settlement Conference and the Motion Seeking Permission to Allow the Herein to Proceed through the U.S. Postal Service, filed by Daryl G. Roshell, are **DENIED**.[7] Roshell is reminded that he must file an amended complaint in this case to give more details about the facts of his claims by no later than **December 30, 2024**, as ordered by the Court on December 9, 2024.[8]

Signed in Baton Rouge, Louisiana, on December 16, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] R. Doc. 14.
[6] R. Doc. 14.
[7] R. Docs. 13 & 14.
[8] R. Doc. 12.