UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DARYL G. ROSHELL (#418339)**                             **CIVIL ACTION NO.**

**VERSUS**                                                                **24-222-JWD-EWD**

**ALICE WASHINGTON, ET AL.**

### ORDER

Before the Court is a "F.R.C.P. 5(b) Motion/Request to Proceed F.R.C.P. 26"[1] ("Motion to Proceed") and a "Motion for Joinder of Claims and Joinder of Defendants" ("Motion for Joinder"),[2] filed by Plaintiff Daryl G. Roshell ("Roshell"), who is representing himself and who is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana. Both motions will be denied.

It is not clear exactly what relief Roshell is seeking in the Motion to Proceed. He seems to ask that this case continue, as he repeats that he has suffered injuries for alleged constitutional violations. Roshell also asks for "discovery immediately."[3] Shortly after Roshell filed the Motion to Proceed, this Court ordered service in this case, on July 30, 2025.[4] In that Order, the Court provides directions on how discovery should proceed; however, the time period for the exchange of discovery is based on when Defendants make their appearance in the case. A review of the

---

[1] R. Doc. 24. Documents in the Court record are referred to as "R. Doc. __."

[2] R. Doc. 29.

[3] R. Doc. 24, p. 1. It is unclear why Roshell is citing Federal Rule of Civil Procedure 26. Although Rule 26(a)(1)(A) requires initial disclosures in cases except as exempted under Rule 26(a)(1)(B), "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" is exempt from initial disclosure requirements of Rule 26(a)(1)(A). Fed. R. Civ. P. 26(a)(1)(B)(iv). Roshell is proceeding without an attorney and is in the custody of the State of Louisiana. However, this Court ordered service on July 30, 2025, and the service order requires certain disclosures be made by Defendants and explains how discovery should proceed. *See* R. Doc. 27. Roshell also cites Federal Rule of Civil Procedure 5(b) regarding service. Roshell is reminded that the United States Marshal Service ("USMS") was appointed to serve Defendants in this case.

[4] R. Doc. 27.

docket reflects that Defendants have not yet been served. Because the Motion to Proceed essentially requests discovery, and the Court's July 30, 2025 Order already addresses this issue, the Motion to Proceed will be denied as moot. Roshell is reminded that, although USMS has been ordered to serve Defendants in this case, Roshell must submit a completed U.S. Marshal Form 285 for each Defendant to be served. USMS will not serve any Defendant without a properly completed form. If Defendants do not comply with the discovery requirements set out in R. Doc. 27 after they are served, Roshell may then file a Motion to Compel Defendants to produce the required discovery.

The Motion for Joinder essentially seeks to amend the complaint to add the Department of Public Safety and Corrections ("DPSC") and the Louisiana State Penitentiary ("LSP") as Defendants in this case.[5] Federal Rule of Civil Procedure 15(a) provides the standard by which the Court must evaluate a motion to amend pleadings. In deciding whether to grant leave, a court may consider several factors, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment…."[6]

The Court has screened Roshell's Complaint under 28 U.S.C. §§ 1915(e) and 1915A and has ordered service on the remaining claims.[7] Roshell now seeks to add DPSC and LSP as defendants to this action. Because doing so would be futile since Roshell cannot state a claim against these proposed defendants, Roshell's request to amend will be denied. 42 U.S.C. § 1983,

---

[5] R. Doc. 29.

[6] *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981), quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962).

[7] R. Docs. 21, 25, 27.

2

the statute upon which Roshell's claims are based, creates a cause of action against "[e]very *person* who, under color of any [state law] ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution." Only a "person" may be sued for violation of an inmate's constitutional rights. "[A] prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term."[8] Louisiana State Penitentiary is not a "person" within the meaning of § 1983.[9] Similarly, DPSC is not a person and not subject to suit under § 1983.[10] Because allowing this amendment would be futile, Roshell's Motion for Joinder will be denied. Accordingly,

**IT IS ORDERED** that the F.R.C.P. 5(b) Motion/Request to Proceed F.R.C.P. 26"[11] be **DENIED AS MOOT** since the Court's July 30, 2025 Order[12] establishes how discovery will proceed in this case once Defendants are served.

**IT IS FURTHER ORDERED** that the "Motion for Joinder of Claims and Joinder of Defendants"[13] is **DENIED** as leave to amend to add the Department of Public Safety and

---

[8] *Cozzo v. Tangipahoa Parish Council—President Government*, 279 F.3d 273, 283 (5th Cir. 2002) (sheriff's office not a legal entity capable of being sued, although Louisiana sheriffs may be sued in official capacity); *see also Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D. La. Sept. 13, 1988) ("[T]he Court finds that East Baton Rouge Parish Sheriff's office is not a legal entity which may be sued.").

[9] *Turner v. Louisiana State Penitentiary*, 2023 WL 3514467, at *2 (May 8, 2023), report and recommendation adopted, No. 22-698-, 2023 WL 3509703 (M.D. La. May 17, 2023); *Jeff v. Angola State Prison*, No. 10-229, 2011 WL 5826671, at *4 (M.D. La. Oct. 24, 2011), report and recommendation adopted, No. 10-229, 2011 WL 5830436 (M.D. La. Nov. 18, 2011) (accord).

[10] *Washington v. Louisiana*, 425 Fed.Appx. 330, 333 (5th Cir. 2011) ("Under Title 42 §§ 1983 and 1985, claimants have a cause of action for civil rights violations only against "persons." The State and DPSC are not persons within the meaning of the statutes.").

[11] R. Doc. 24.

[12] R. Doc. 27.

[13] R. Doc. 29.

Corrections and/or the Louisiana State Penitentiary as defendants on Plaintiff Daryl G. Roshell's civil rights claims would be futile.

    Signed in Baton Rouge, Louisiana, on September 19, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**